IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHAMS HASHMAT,<br>A# 221-096-985,<br><br>*Petitioner*,<br><br>V.<br><br>MARKWAYNE MULLIN, *et al*.,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. SA-26-CV-00130-FB |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 24) concerning the Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) filed by Petitioner Shams Hashmat ("Petitioner"), the Federal Respondents' ("Respondents") written objections (ECF No. 26) thereto, and Petitioner's reply (contained within ECF No. 27).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Respondents' submission in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit. This Court agrees Petitioner is entitled to release under 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Report and Recommendation is based on a finding that Petitioner's removal from the United States is not reasonably foreseeable. Respondents argue "recent factual developments materially change this finding" because "Petitioner has been manifested for a removal flight which departs in the first week of November 2026 out of Alexandria, Louisiana" and "[f]or this removal mission, a transportation letter is no longer required so this obstacle will not prevent removal." (ECF no. 24 at 2); *see also* (*id.* at Exhibit A [Pena Declaration] ¶¶ 7, 8).

*Hassan v. Thompson* is instructive. No. 5:26-cv-1386-FB-HJB, 2026 WL 2665540 (W.D. Tex. Aug. 31, 2026), *report and recommendation adopted*, No. 5:26-cv-1386-FB, 2026 WL 2671754 (W.D. Tex. Sept. 10, 2026). As with Petitioner here, Respondents in *Hassan* were unable to remove the petitioner because the Afghan government refused to accept him. 2026 WL 2665540, at *1. Respondents requested transit letters from Afghanistan seven times, without success. *Id*. The Court held that "[p]ending requests for travel documents do not satisfy [Respondents'] 'burden to furnish evidence demonstrating that removal is likely in the reasonably foreseeable future.'" *Id*. at *4 (citing *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 705–06 (W.D. Tex. 2025) ("Respondents cannot carry their burden with the outstanding requests, alone.")). This Court has consistently adopted

recommendations applying the same rule. *Tewelde v. Blanche*, No. 5:26-cv-1044-FB-HJB, 2026 WL 1204661, at *5 (W.D. Tex. Apr. 10, 2026), *report and recommendation adopted*, No. 5:26 cv-1044-FB, 2026 WL 1203459 (W.D. Tex. May 1, 2026); *Dhuka v. Mullin*, No. 5:26-cv-2050 FB-HJB, 2026 WL 1691225, at *3 (W.D. Tex. May 21, 2026), *report and recommendation adopted*, No. 5:26-cv-2050-FB, 2026 WL 1688335 (W.D. Tex. June 9, 2026).

A manifest entry stands on the same footing. Like a pending travel document request, it reflects only what Respondents hope to do; it is not evidence that removal is likely. And, the Pena Declaration is silent on whether any country is willing to accept Petitioner. Until Respondents show evidence that Afghanistan or any other country has agreed to receive Petitioner, they have offered nothing more than a plan. The parties therefore stand where they stood when Respondents filed their Response to the Petition.[1]

IT IS THEREFORE ORDERED that the Report and Recommendation of United States Magistrate Judge (ECF No. 23) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the Petition (ECF No. 1) is **GRANTED** and:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Shams Hashmat, A# 221-096-985, from custody to a public place under conditions of supervision no later than **November 12, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3. Respondents shall **FILE** a status report no later than **November 13, 2026**, confirming that Petitioner has been released.

---

[1] Respondents sent an email to court staff stating that Petitioner is to be returned to his home country of Afghanistan. The Court declines to consider this email as part of the record. Moreover, there is still no indication that Afghanistan has agreed to receive Petitioner.

IT IS FURTHER ORDERED that Respondents' motion to remove the stay of transfer (ECF No. 25) is GRANTED.

IT IS FINALLY ORDERED that remaining motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 6th day of November, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE